**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, DC 20043,

*Plaintiff,*

vs.

U.S. DEPARTMENT OF DEFENSE
1000 Defense Pentagon
Washington, DC 20301-1000,

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530,

and

U.S. DEPARTMENT OF STATE
2201 C Street NW
Washington, DC 20520,

*Defendants.*

Case No. 26-cv-4014

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation ("DFF") brings this action against Defendants the U.S. Department of Defense ("DOD"), the U.S. Department of Justice ("DOJ"), and the U.S. Department of State ("State") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(e), as at least one defendant is headquartered in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and under 5 U.S.C. § 552(a)(4)(B), which provides that a FOIA action may be brought in the District of Columbia.

**Parties**

3. Plaintiff DFF is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

4. Defendant DOD is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at the Pentagon in Arlington, Virginia. The United States Air Force ("Air Force") is a component of DOD. DOD has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant DOJ is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

6. Defendant State is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. State has possession, custody, and control of records to which Plaintiff seeks access.

**DFF's FOIA Requests**

*Memorandum of Understanding Request*

7. On July 9, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-MULTI-26-1153-1154, to DOD and State seeking the following:

> A complete copy of the Memorandum of Understanding ("MOU") signed by Secretary of Defense Pete Hegseth and

> Qatar's Deputy Prime Minister and Minister of State for Defense Affairs, Saoud bin Abdulrahman Al-Thani on or about July 7, 2025, including any addenda added after the MOU was initially signed regarding the United States' acceptance of a Boeing 747 jet.
>
> Democracy Forward Foundation expects this request for a single, readily identifiable record to be assigned the Simple track and processed expeditiously.
>
> This MOU is an agreement or instrument that affects the interests of the United States, has received significant public and congressional attention, and which is responsive to requests of the Ranking Member of the Senate Foreign Affairs Committee. Consequently, this record is subject to the Case-Zablocki Act's proactive disclosure requirements and is not exempt from disclosure. *See* 1 U.S.C. §112b.

8. This request sought records created between January 20, 2025, and the date of the search.

9. On July 9, 2026, DOD sent DFF an automated email acknowledging receipt of the request and assigning it tracking number 26-F-2698.

10. On July 13, 2026, DOD sent DFF an interim response invoking unusual circumstances, placing the request in its complex processing track, and stating that its determination on DFF's fee waiver request was pending.

11. On July 9, 2026, State sent DFF an automated email acknowledging receipt of the request and assigning it tracking number F-2026-21886.

12. On July 16, 2026, State sent DFF an acknowledgement email invoking unusual circumstances, placing the request in its complex processing track, and stating that no fees had been assessed.

13. DFF has received no further communication from DOD or State regarding this request.

*Retrofit Costs Request*

14. On September 17, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-MULTI-26-1730–1731, to the Air Force[1] seeking the following:

> Records reflecting all expenditures and/or costs associated with any modifications of the Boeing 747 jet, received by the U.S. Government from the State of Qatar, that was retrofitted for use as Air Force One.
>
> Responsive records should include, but not be limited to, expenses related to security, communication systems, furniture, decor changes, etc.
>
> To the extent your agency has aggregated records sufficient to show all relevant expenses and costs, such as spreadsheets, DFF would accept production of such records as sufficient. To the extent your office does not have an aggregated record of these costs, DFF requests records reflecting these costs, such as receipts, procurement contracts, invoices, and charge card or credit card statements. DFF does not object to the redaction of commercial or financial information.

15. This request sought records from January 20, 2025, until the date of the search.

16. On September 17, 2026, the Air Force sent DFF an automated email acknowledging receipt of the request and assigning it tracking number 2026-08385-F.

17. On September 25, 2026, the Air Force sent DFF an acknowledgement email stating that it could not process the request within twenty working days, placing the request in its complex processing track, and stating that it would provide an update in 90 to 120 days.

18. DFF has received no further communication from DOD regarding this request.

---

[1] DFF also contemporaneously submitted this request to DOD's Office of the Secretary of Defense and Joint Staff, which responded that the Air Force would possess the responsive records.

*Attorney General Memorandum and Recusal Request*

19. On June 18, 2025, DFF sent a FOIA request, bearing internal tracking number DFF-DOJ-25-1008, to DOJ seeking the following:

> 1. All memoranda, legal analysis, or other documents concluding that the Department of Defense's acceptance of the 747 plane from the State of Qatar and transfer of it to the Trump Presidential Library are "legally permissible," under the Foreign Emoluments Clause or any other anti-bribery laws.
>
> 2. All memoranda, legal analysis, or other documents used to determine whether Attorney General Pam Bondi should recuse from the process of determining the legality of the plane transfer with respect to her past experience as a registered lobbyist for the state of Qatar.

20. This request sought records from January 20, 2025, until the date of the search.

21. On June 24, 2025, DOJ sent DFF an acknowledgement letter assigning the request tracking number EMRUFOIA061825-3 and referring the request to DOJ's Office of Information Policy ("OIP").

22. On July 22, 2025, OIP sent DFF an acknowledgement letter assigning the request tracking number 2025-05388.

23. DFF has received no further communication from DOJ regarding this request.

**<u>Exhaustion of Administrative Remedies</u>**

24. More than twenty (20) business days have elapsed since Defendants received each of the requests described above, and Defendants have failed to make and communicate determinations regarding those requests within the time period required by law.

25. Through Defendants' failure to comply with the statutory time limits, DFF has constructively exhausted its administrative remedies as to each request. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

26. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

27. By failing to respond to Plaintiff's requests with determinations and prompt productions of responsive records within the statutorily mandated time period, Defendants have violated their duties under 5 U.S.C. § 552, including but not limited to, their duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendants to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;
2. Order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;
3. Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;
4. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and
5. Grant any other relief this Court deems appropriate.

Dated: November 13, 2026

Respectfully submitted,

/s/ *Hart W. Wood*
Hart W. Wood
(Bar No. 1034361)
Daniel A. McGrath
(Bar No. 1531723)
Ronald A. Fein
(Bar No. 90026641)
Robin F. Thurston
(Bar No. 7268942)

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
hwood@democracyforward.org
dmcgrath@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiff*